EMTECH MACHINING AND GRINDING, INC., Plaintiff-Appellee, v. TRANSCONTINENTAL INSURANCE COMPANY, Defendant-Appellant.

Second District    No. 2—97—0040

Opinion filed May 21, 1998.

Michael Resis, of O'Hagan, Smith & Amundsen, of Chicago, for appellant.

James A. Campion and R. Mark Gummerson, both of Campion, Curran, Rausch, Gummerson & Dunlop, P.C., of Crystal Lake, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Emtech Machining & Grinding, Inc. (plaintiff or Emtech), filed a verified complaint for declaratory judgment against defendant, Transcontinental Insurance Company (defendant or Transcontinental), seeking a determination that plaintiff was entitled to reimbursement for $19,693 in attorney fees and other costs incurred in defending against an underlying action for retaliatory discharge brought against plaintiff by a former employee, Randall W. Phelps. Plaintiff averred that it was entitled to reimbursement under a 1991 commercial general liability policy issued by defendant and insuring plaintiff against losses resulting from certain types of "personal injury" defined in the policy.

The parties filed cross-motions for summary judgment. After a hearing on the motions, the circuit court granted judgment to plaintiff and denied judgment to defendant, the effect of which was to require defendant to indemnify plaintiff. Defendant timely appeals. We reverse.

Defendant contends that the trial court erred in finding that the retaliatory discharge claim came within the definition of personal injury stated in the policy. The pleadings and exhibits from the underlying retaliatory discharge action disclose that Emtech's employee, Phelps, filed a complaint against it as a result of the termination of his employment in October 1991. That complaint alleged that, as a result of an injury to his back and foot while working for Emtech, Phelps applied for and received workers' compensation. Phelps further alleged that, in a letter dated October 18, 1991, Emtech informed him that he was discharged as the direct result of his fraudulent misrepresentation to the company regarding whether he had previously filed a workers' compensation claim. Phelps claimed that his discharge from employment violated Illinois public policy, and he sought compensatory and punitive damages from Emtech. It appears that the trial court granted Emtech's motion for summary judgment in the underlying action.

Emtech then filed an action for declaratory judgment, asserting that a claim for retaliatory discharge was one of the torts for which the policy provided indemnification to plaintiff. The specific issue to be decided is whether that claim falls within the policy's definition of personal injury. Section V of the policy states:

" 'Personal injury' means injury, other than 'bodily injury,' arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;

d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

e. Oral or written publication of material that violates a person's right of privacy."

■ In reviewing the granting of summary judgment, this court inquires "whether the pleadings, together with all other matters of record, pose any genuine issue of material fact"; if any issue of material fact exists, then the trial court will be deemed to have erred in granting summary judgment. *Dixon Distributing Co. v. Hanover Insurance Co.*, 244 Ill. App. 3d 837, 840 (1993). *De novo* review applies in this case. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390 (1993). It is clear from the face of the underlying complaint that there is no possibility of coverage for retaliatory discharge under the policy in question. See *Dixon*, 244 Ill. App. 3d at 840 (insurance company cannot justifiably refuse to defend unless it is clear from the face of the complaint that there is no possibility of coverage).

In resolving the issue before us, we find instructive *JG Industries, Inc. v. National Union Fire Insurance Co.*, 218 Ill. App. 3d 1061 (1991). In *JG*, there was a similar listing under the coverage provision for personal injury liability. The reviewing court determined that, because retaliatory discharge was not expressly listed, there was no coverage for this type of injury. As in *JG*, retaliatory discharge is not on the list of expressly covered personal injuries (offenses). As in *JG*, it would be a strained interpretation of the plain language of the policy provisions to conclude that retaliatory discharge is one of the "offenses" for which the insured should be indemnified. The plain language of the policy is fairly strong evidence that the parties did not intend this type of claim to be covered. *JG*, 218 Ill. App. 3d at 1066. The principle of " '[l]iberal construction of an insurance policy in favor of the insured must yield to rules of reasonable construction.' " *JG*, 218 Ill. App. 3d at 1066, quoting *Bohnen International, Inc. v. Liberty Mutual Insurance Co.*, 120 Ill. App. 3d 657, 666 (1983).

Plaintiff's reliance on *Dixon* is misplaced. There, the reviewing court construed an insurance policy which was more broadly worded than the one here and defined personal injury as " 'injury, such as *but not limited to* libel, slander, defamation of character, discrimination, false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution or humiliation *** sustained by a natural person.' " (Emphasis added.) *Dixon*, 244 Ill. App. 3d at 842 (quoting policy). An occurrence was defined as " 'an offense which

results in personal injury, other than an offense committed with actual malice or the willful violation of a penal statute or ordinance.' " *Dixon*, 244 Ill. App. 3d at 842 (quoting policy). Because of the more expansive language used in the policy in that case, the *Dixon* court could reasonably infer that a tort or offense which was similar to those listed should be covered under the umbrella policy. The *Dixon* court held that the policy potentially covered the tort of retaliatory discharge and that the insurer breached its duty to defend the insured (*Dixon*, 244 Ill. App. 3d at 853-54).

■ We find no ambiguity in the language of the policy here which would require this court to conclude, as a matter of law, that retaliatory discharge was a covered injury. A court should consider the plain meaning of the policy language and should not search for a nonexistent ambiguity. *Dash Messenger Service, Inc. v. Hartford Insurance Co.*, 221 Ill. App. 3d 1007, 1010 (1991).

Furthermore, we disagree with plaintiff's argument that retaliatory discharge must be a covered injury since it was not specifically excluded from the coverage. Under the circumstances here, Transcontinental was not required to exclude expressly any and all torts and offenses that were not listed. An exclusion serves the purpose of taking out persons or events otherwise included within the defined scope of coverage. *Hartford Accident & Indemnity Co. v. Case Foundation Co.*, 10 Ill. App. 3d 115, 124 (1973). Here, there was no need to create an exception or exclusion for retaliatory discharge where it was clear what types of coverage were expressly included, and retaliatory discharge would not normally be construed, either expressly or by implication, as one of the enumerated injuries covered. We do not believe that the language of this policy would lead a reasonable purchaser of insurance to conclude that this risk was covered. *Cf. Dash Messenger Service*, 221 Ill. App. 3d at 1015 (language of policy and exclusions could lead reasonable purchaser to conclude that risk was covered where risk was inherent in the business covered).

The circuit court erred in entering summary judgment for plaintiff. Under the provisions of the policy we have examined, defendant had no duty to defend, much less indemnify, plaintiff. See *Crum & Forster*, 156 Ill. 2d at 398.

The judgment of the circuit court of McHenry County is reversed.

Reversed.

GEIGER, P.J., and RATHJE, J., concur.